IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



VINCENT EUGENE WILLIAMS,

    Petitioner,

v.                                      Civil Action No. 3:18CV747

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Vincent Eugene Williams, a Virginia inmate proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1)[1] challenging his convictions in the Circuit Court for the County of Henrico, Virginia ("Circuit Court") for grand larceny and possession of burglary tools with intent to commit larceny. Williams contends that he was denied the effective assistance of counsel by counsel's failure to properly challenge the loss of stationary camera video footage in a motion for a new trial. (Id. at 16.) Respondent moves to dismiss on the ground that Williams's claim lacks merit. For reasons set forth below, the Motion to Dismiss (ECF No. 14) will be granted.

---

[1] The Court utilizes the pagination assigned to Williams's § 2254 Petition by the CM/ECF docketing system.

# I. APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)). Given the foregoing standard, the

2

opinion of the Circuit Court with respect to Williams's claim figures prominently in this Court's analysis.

## II. PERTINENT PROCEDURAL HISTORTY

On March 30, 2017, a jury convicted Williams of grand larceny and possession of burglary tools. (ECF No. 16-1, at 1.) "Following the trial, Williams filed a motion to set aside the verdict. At a sentencing hearing on September 26, 2017, the Court denied the motion to set aside and sentenced Williams to two years and 12 months in prison." Id. On October 25, 2017, Williams filed a habeas petition with the Circuit Court wherein he claimed "his counsel at the sentencing hearing was constitutionally ineffective for failing to present the correct argument 'in order to have the conviction vacated for being [an] unconstitutional malicious prosecution in violation of the Brady rule.'" Id. at 2 (alteration in original) (footnote omitted).

The Circuit Court provided the following summary of the relevant facts pertaining to the above claim:

> On October 3, 2016, loss prevention officers at a Target store suspected Williams of shoplifting boxer shorts and headphones. The loss prevention officers called the police, who immediately arrested Williams outside the store and recovered the stolen items from his backpack.
> At trial, surveillance footage was played for the jury, which showed Williams's movements in the store. Loss prevention officer, Kevin Woods, testified that footage from the store's stationary cameras had unfortunately not been saved. (Trial Tr. 60). Woods, however, testified to what he observed on those cameras,

3

including Williams removing security devices from the headphones. (Tr. 56, 66).

In his post-trial motion to set aside the verdict, Williams argued, in part, that Target's failure to preserve the stationary camera footage was spoliation. Williams further argued that allowing Woods to testify as to what he had seen on the stationary cameras violated the best evidence rule.

After considering defense counsel's arguments at the sentencing hearing, the Court denied the motion to set aside. (Sent. Tr. 5, 9-10).

**Discussion**

Williams argues that his counsel's arguments in the motion to set aside were frivolous and that counsel should have argued that the "lost video" violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). Williams claims his conviction would have been overturned if counsel had made that argument.

<u>Id.</u> 2-3. The Circuit Court ultimately concluded that Williams failed to demonstrate deficiency or prejudice:

> Williams claims that his counsel should have moved to set aside the verdict on the ground that the "lost video" constituted a <u>Brady</u> violation. However, such a motion would have been frivolous. A <u>Brady</u> violation requires the Commonwealth to have withheld material exculpatory evidence in its possession. <u>See</u> <u>Garnett v. Commonwealth</u>, 275 Va. 397, 406, 657 S.E.2d 100, 106 (2008). Because the video footage had been lost by Target, the Commonwealth never possessed it. Thus, any <u>Brady</u> motion necessarily would have failed.
>
> In short, the Court finds that Williams has not demonstrated that his counsel's tactical decisions were unreasonable or a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.

<u>Id.</u> at 4.

### III. ANALYSIS

To demonstrate ineffective assistance of counsel, a convicted defendant must show first that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In his present § 2254 Petition, Williams essentially concedes that counsel was not deficient for failing to challenge his loss of the video evidence under Brady. Instead, citing to Gagelonia v. Commonwealth, 661 S.E.2d 502 (Va. Ct. App. 2008), Williams contends that the loss of the video evidence is controlled by California v. Trombetta, 467 U.S. 479 (1984), and Arizona v.

5

Youngblood, 488 U.S. 51 (1988). (§ 2254 Pet. 20-22.) In Gagelonia, the Court of Appeals of Virginia explained:

> In Trombetta, the seminal case involving the prosecution's failure to preserve evidence, the United States Supreme Court held that the government violates due process if the evidence possessed exculpatory value that was apparent before the evidence was destroyed, and the evidence is of such a nature that the defendant would be unable to obtain comparable evidence by any other reasonable means. In Youngblood, the Court added a third requirement, holding that if a criminal defendant can[not] show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law. Thus, a defendant seeking a new trial on the basis of missing evidence <u>formerly in the Commonwealth's possession</u> must show that (1) the evidence possessed an apparent exculpatory value, (2) the defendant could not obtain comparable evidence from other sources, and (3) the Commonwealth, in failing to preserve the evidence, acted in bad faith. Furthermore, [t]he presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed.

661 S.E.2d at 510 (alterations in original) (emphasis added) (citations omitted) (internal quotation marks omitted).

Williams's suppression argument would have fared no better under Trombetta and Youngblood as the video evidence from the stationary cameras was never in the Commonwealth's possession or control.[2] Id.; see United States v. Hartman, 194 F. App'x 537, 542 (10th Cir. 2006) (observing that "[e]ven had the video had

---

[2] Kevin Woods, a loss prevention officer for Target, testified that, with respect to the stationary camera footage, "The camera was not saved for some reason. We messed up with it. It should have been saved and it wasn't. I'm sorry." (Mar. 30, 2017 Tr. 60.)

6

exculpatory value, it is not clear under the precedents cited that the government has any duty to preserve evidence not in its control"); see also Champ v. Zavaras, 431 F. App'x 641, 648 (10th Cir. 2011) (noting, in affirming the denial of a habeas petition, that petitioner had not cited "any case law demonstrating that the government can be held to violate due process by failing to preserve evidence that it never possessed or necessarily had access to"). As Williams has failed to demonstrate deficiency or prejudice, his claim and the action will be dismissed. The Motion to Dismiss (ECF No. 14) will be granted. Williams's Motion to Dismiss the Motion to Dismiss (ECF No. 13) will be denied. Williams's Motion to Stop His Term of Post-Release Supervision (ECF No. 21) will be denied. The § 2254 Petition will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Williams and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 2, 2018